IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DANIELLE N. SZARELL,

    Plaintiff,

v.                                       Case No. 3:20-CV-973-MAB-NJR

MOODY'S PHARMACY,

    Defendant.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    This matter was referred to the undersigned Chief District Judge for entry of an order of dismissal following Plaintiff Danielle Szarell's failure to prosecute this case (Doc. 5). Magistrate Judge Mark A. Beatty gave Szarell until November 18, 2020, to file a motion to proceed *in forma pauperis* ("IFP") or to pay the full filing fee (Doc. 4). Judge Beatty warned Szarell that failure to do so would result in the dismissal of this case for failure to prosecute (*Id.*). To date, Szarell has neither filed an IFP motion nor paid the required filing fee.

    Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a Court may dismiss an action for failure of the plaintiff to prosecute or comply with a court order. FED. R. CIV. P. 41(b). A dismissal under this rule is as an adjudication on the merits. *Id.* Here, Szarell is proceeding *pro se*, and the Court is mindful of the difficulties she faces in doing so. But those difficulties do not excuse her from complying with Court orders.

    Under the circumstances presented here, the Court finds that Szarell has failed to comply with its orders and failed to prosecute this matter. Consequently, this action is **DISMISSED without prejudice** pursuant to Rule 41(b). FED. R. CIV. P. 41(b); *see generally*

*James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005). The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

## NOTICE

If Szarell wishes to contest this Order, she has two options. She can ask the Seventh Circuit to review the Order, or she can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Szarell chooses to go straight to the Seventh Circuit, she must file a notice of appeal *within 30 days* from the entry of judgment or order appealed from. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Szarell files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

On the other hand, if Szarell wants to start with the undersigned, she should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within twenty-eight (28) days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reasons that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *see also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.").

So long as the Rule 59(e) motion is in proper form and timely submitted, the 30-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 30 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor,* 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Szarell showing excusable neglect or good cause.

The Court has one more bit of instruction regarding the appeals process. If Szarell chooses to appeal to the Seventh Circuit, he can do so by filing a notice of appeal in this Court. FED. R. APP. P. 3(a). The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Szarell cannot afford to pay the entire filing fee up front, she must file a motion for leave to appeal *in forma pauperis* ("IFP"). *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Szarell plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If she is allowed to proceed IFP on appeal, she will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). She will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

**IT IS SO ORDERED.**

DATED:   December 2, 2020

*[signature]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**